Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000553
28-JUN-2019
08:22 AM

NO. CAAP-17-0000553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK, N.A., Plaintiff-Appellee,
v.
MICHAEL R. PIERCE, ANNE M. PIERCE; WELLS FARGO BANK, N.A.;
PRINCEVILLE AT HANALEI COMMUNITY ASSOCIATION,
Defendants-Appellants
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50
AND DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 14-1-0023)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendants-Appellants Michael R. Pierce and Anne M. Pierce (**Pierces**) appeal from a "Judgment" entered on June 26, 2017 by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1] The Pierces also challenge an underlying "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed April 7, 2015" also entered on June 26, 2017 by the Circuit Court.

---

[1] The Honorable Randal G.B. Valenciano presided.

On appeal, the Pierces argue that the Circuit Court committed reversible error by granting summary judgment in favor of Plaintiff-Appellee Wells Fargo Bank, N.A. (**Wells Fargo**), because Wells Fargo offered no admissible evidence that it was in possession of the subject promissory note at the time the Complaint for Foreclosure (**Complaint**) was filed below, and thus failed to meet its *prima facie* burden of establishing its standing to foreclose.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the Pierces' point of error as follows, and vacate and remand.

The Hawai'i Supreme Court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive for purposes of this appeal. In Reyes-Toledo, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. Id. at 367-70, 390 P.3d at 1254-57.

Reyes-Toledo states that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A, v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The Hawai'i Supreme Court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The court stated that because

2

"standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the note at the commencement of the suit. Id.

The Complaint was filed by Wells Fargo on February 12, 2014. Like the foreclosing bank in Reyes-Toledo, Wells Fargo was granted a decree and judgment of foreclosure pursuant to a summary judgment ruling. In support of its summary judgment motion, Wells Fargo attached, inter alia, the following documents to demonstrate that it possessed the subject "Initial Interest℠ Adjustable Rate Note" (**Note**): (1) a "Declaration of Indebtedness"、 by See Chang (**Chang**), an employee of Wells Fargo, executed on December 5, 2014, approximately ten months after the Complaint was filed, attesting that "[Wells Fargo] is in possession of the Promissory Note and The Promissory Note is indorsed, in blank[]" (emphasis added); and (2) a copy of the Note, attached to Chang's declaration, which shows that Wells Fargo is the "Lender," that the Note was signed by Michael R. Pierce, and that the Note was indorsed in blank by Wells Fargo. This evidence fails to demonstrate that Wells Fargo was entitled to enforce the Note at the time the action commenced.

Wells Fargo argues that it was "always the holder of the Note" because it is the original lender and the Note has never been transferred or negotiated. However, there is no evidence to establish that the Note has never been transferred or negotiated. It is significant that the Note in the record is indorsed in blank. In Reyes-Toledo, the Hawaiʻi Supreme Court explained that:

> [a] blank indorsement occurs when an indorsement is made by the holder of an instrument and is not a special indorsement; in other words, a blank indorsement is not payable to an identified person. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed.

Id. at 370, 390 P.3d at 1257 (emphasis added) (citations omitted) (citing Hawaii Revised Statutes § 490:3-205(b) (2008) ("If an

3

indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.")).

The blank indorsement on the Note is undated and there is no evidence when the blank indorsement was made. Thus, it is unclear at what point the Note could have been negotiated by transfer of possession alone. If the Note was indorsed in blank when the Complaint was filed, and there being no evidence that Wells Fargo possessed the blank indorsed Note at that time, it is possible the Note was held by another entity when the action was commenced. In short, given the circumstances in this case, there is no evidence to establish Wells Fargo's entitlement to enforce the Note when it commenced this action.[2] Although the Complaint alleges that "[Wells Fargo] is the holder of the Note[,]" the Note is not attached to the Complaint and there is still no evidence establishing that Wells Fargo was in possession of the Note when the Complaint was filed.[3]

Viewing the evidence in the light most favorable to the Pierces, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Wells Fargo was entitled to enforce the subject Note at the time this foreclosure action was commenced. Pursuant to Reyes-Toledo, the Circuit Court's summary judgment ruling in favor of Wells Fargo must be vacated.

---

[2] Because there is no evidence that Wells Fargo had possession of the Note at the time the Complaint was filed, we need not address whether Chang's declaration can properly authenticate records attached thereto, including the Note, under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017).

[3] Wells Fargo submitted an attorney affirmation on April 7, 2015, but it appears that in Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018), the Hawai'i Supreme Court implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case. See Wilmington Sav. Fund Soc'y, FSB v. Yasuda, No. CAAP-17-0000433, 2018 WL 1904909 (Hawai'i App. Apr. 23, 2018) (Ginoza, J., concurring).

THEREFORE, IT IS HEREBY ORDERED that the "Judgment" and the "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed April 7, 2015", both entered on June 26, 2017, by the Circuit Court of the Fifth Circuit, are vacated.

The case is remanded to the Circuit Court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, June 28, 2019.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants Appellants.

Edmund K. Saffery,
Lynda L. Arakawa,
Lauren K. Chun,
(Goodsill Anderson Quinn &
Stifel)

and

Lansen Hon Gong Leu,
Karyn Akemi Doi,
(Leu Okuda & Doi)
for Plaintiff Appellee.

Chief Judge

Associate Judge

Associate Judge